
FILED
JUN 24 2013
Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 10-100-GF-SEH |
| | CV 13-022-GF-SEH |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| ROLAND HANK COBELL, | |
| Defendant/Movant. | |

---

On March 1, 2013, Defendant/Movant Roland Cobell ("Cobell"), a federal prisoner proceeding pro se, moved to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255. A brief in support and two supplements also have been filed.

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996)

1

("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings. Review has been made.

Cobell pled guilty to distributing a substance containing a detectable amount of methamphetamine between February 1, 2009, and August 30, 2010, a violation of 21 U.S.C. § 841(a)(1). Indictment (doc. 1) at 3; Plea Agreement (doc. 45) at 4 ¶ 6; Minutes (doc. 46). Before sentencing, the United States filed a motion under U.S.S.G. § 5K1.1. Mot. (doc. 49) (under seal). On August 23, 2011, Cobell was sentenced to serve 154 months in prison, to be followed by a three-year term of supervised release. Judgment (doc. 56) at 2-3; Minutes (doc. 55). Although Cobell filed a notice of appeal, the appeal was dismissed under the terms of the Plea Agreement. Plea Agreement at 13 ¶ 17(a).

Cobell now claims that counsel June Lord was ineffective because she did not produce an expert witness to testify that the voice audible in recorded drug transactions was Cobell's; did not cross-examine the expert who tested the drugs; did not challenge the United States' failure to prove Cobell's Indian status in the manner

2

required by *United States v. Zepeda*, 705 F.3d 1052, 1065-66 (9th Cir. 2013); did not argue that Cobell's sentence should be based on "grouping" this offense with his prior conspiracy conviction in 2005; and did not challenge the authority of three officers to conduct law enforcement activities on the Blackfeet Reservation. Mot. § 2255 (doc. 74) at 4-6, 8; Supp. II (doc. 78) at 1-2. Cobell also claims that the women involved in the transactions were not properly searched. Supp. I (doc. 77) at 1-2.

When he pled guilty, Cobell admitted engaging in acts constituting the crime, including the transactions involving women, and including facts that he was audio-recorded and there was methamphetamine (though not as much as he intended), in the substances he sold. The "commission cards" Cobell mentions are wholly irrelevant. Change of Plea Tr. (doc. 68) at 28:22-30:21, 32:20-24; Offer of Proof (doc. 43) at 3-4 ¶ 2; *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) (per curiam). Drug trafficking is a crime of general applicability, *e.g.*, *United States v. Begay*, 42 F.3d 486, 497-500 (9th Cir. 1994). The United States was not required to prove Cobell's Indian status. Two separate offenses, committed at different times, prosecuted separately, and separated by service of a federal sentence cannot be "grouped," and, in this case, Cobell did not plead guilty to conspiracy.

Each claim in the § 2255 motion is frivolous. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Cobell shows none.

**ORDERED:**

1. Cobell's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 74) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Cobell files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-22-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Cobell.

DATED this 27th day of June, 2013.

Sam E. Haddon
United States District Court